**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEXON INSURANCE COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4245** |
| **FEDERAL DEPOSIT INSURANCE CORP.,** as receiver for **FIRST NBC BANK** | **SECTION: "B"(1)** |

**ORDER AND REASONS**

Considering Defendant Federal Deposit Insurance Corporation's ("FDIC") "Motion to Dismiss for Failure to State a Claim for Relief" (Rec. Doc. 21), Plaintiff Lexon Insurance Company Incorporated's ("Lexon") Memorandum in Opposition to Motion to Dismiss (Rec. Doc. 22), FDIC's Reply in Support of Motion to Dismiss (Rec. Doc. 28), and Oral Argument held on August 22, 2018,

**IT IS ORDERED** that FDIC's Motion to Dismiss (Rec. Doc. 21.) is **GRANTED**, without prejudice to Lexon's right to bring a timely amended complaint, showing a viable claim.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

During March 2016, Lexon, as surety, executed eight bonds on behalf of Linder Oil Company. *See* Rec. Doc. 21-1 at 5. The bonds amounted to $11,163,300.00 and secured Linder's lease obligation to the United States Department of Interior, Bureau of Ocean Energy Management ("BOEM"). *See* Rec. Doc. 22 at 4. To ensure that it could be indemnified in the event of a loss, Lexon required Linder to

1

post collateral. *See id.* In or around early April 2016, First NBC Bank issued two letters of credit to Linder, listing Lexon as the beneficiary. *See id.*

Thereafter, First NBC Bank's financial well-being started to deteriorate. *See id.* In November 2016, FDIC took total control over First NBC Bank. *See id.* at 4-5. Plaintiff alleges that First NBC Bank was to "cease lending to borrowers like Linder" because of its Consent Order with the FDIC. *Id.* at 5. Plaintiff further alleges that FDIC, through First NBC Bank, violated the Consent Order by allowing the two letters of credit to renew. *See id.* Specifically, in March 2017, the letters of credit automatically renewed for an additional year, making them good through March 2018. *See id.* at 4.

On April 28, 2017, the State of Louisiana closed First NBC Bank and appointed FDIC-R as receiver. *See id.* at 5. In late September 2017, FDIC-R repudiated the letters of credit. *See* Rec. Doc. 21-1 at 6. On December 1, 2017, for the first time, Lexon sent drafts against the two letters of credit, seeking to draw $9,985,500.00. *See* Rec. Doc. 22 at 5. Plaintiff alleges that the FDIC never responded to its drafts. *See id.*

On December 21, 2017, Plaintiff filed proofs of claim with the FDIC-R, relating to the repudiation of the letters of credit.

2

*See* Rec. Doc. 21-1 at 6. The proofs of claim were disallowed by the FDIC-R on February 26, 2018. *See id.*

On April 25, 2018, Plaintiff filed a four-count complaint against FDIC, seeking "damages of $9,985,500.00 resulting from the FDIC's failure to honor, and improper repudiation of, [the] two [letters of credit] issued by [First NBC Bank]." Rec. Doc. 1 ¶ 1. Defendant moved to dismiss all claims for failure to state a claim on July 2, 2018. *See* Rec. Doc. 21 at 1.

**LAW AND ANALYSIS**

**Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**Plaintiff fails to state a claim for relief because Plaintiff fails to plead sufficient facts, showing damages recoverable under law.**

Congress authorized the FDIC to serve as receiver for failed financial institutions. *See Bldg. Four Shady Oaks Mgmt. L.P. v. FDIC*, 504 Fed. Appx. 292, 294 (5th Cir. 2012). With that authority, the FDIC is allowed to repudiate contracts of failed institutions. *See id*. The repudiation must occur within a reasonable period of time considering surrounding facts and circumstances, including prejudice to the parties. *See id* at 295 (stating that whether the FDIC repudiated within a reasonable period following its appointment is a factual inquiry and "necessarily depends on the surrounding facts and circumstances" of the case).

Here, Lexon has not plead sufficient factual matter to survive a motion to dismiss. This is not a situation where FDIC has before it either a provable claim or an unprovable claim that would prevent it by limited authority to repudiate a letter of credit under which the claim or attempted draw was trying to be made and was rejected. FDIC reasonably carried out its authority to repudiate the letters of credit.[1] Therefore, damages were fixed at the time of the declaration of insolvency. *See Credit Life Ins. Co. v. FDIC* 870 F. Supp. 417, 421 (D.N.H. 1993); *see also* 12 U.S.C. § 1821(e)(3)(stating that any claim for damages is limited to actual direct compensatory damages and determined as of the date of appointment of the receiver).

Looking at the surrounding facts and circumstances of this case, it does not appear that FDIC repudiated the letters of credit under unreasonable circumstances or in some attempt to prejudice Lexon's rights. Nor does it appear that FDIC repudiated the letters of credit under any collusion or fraud. The renewal was likely a prudent attempt to honor certain obligations and move forward.

Lexon was well aware, prior to declaration of insolvency, of the renewal of the letters of credit and the possibility of claims being brought against it. However, Lexon never demanded any sums

---

[1] These letters of credit are viewed as contracts. *See Credit Life Ins. Co.,* 870 F. Supp. at 426; *see also* U.C.C. § 5-102(a)(10).

5

under the standby letters of credit from First NBC Bank.[2] It chose to wait until after declaration of insolvency to assert its claim.

Lexon relies primarily on actions taken by the FDIC prior to its appointment as receiver, while it was in its corporate capacity. The actions that occurred before the appointment of the receiver, like renewal of the letters, were actions taken by the FDIC in its corporate capacity. This motion deals with the FDIC in its receivership capacity. Therefore, Lexon's reliance is unconvincing as the roles, obligation, and liabilities of the two are distinct. *See Credit Life Ins. Co.,* 870 F. Supp. at 421 ("FDIC-Corporate and FDIC-Receiver are distinct entities.").

Lexon fails to nudge its claims across the line from conceivable to plausible. Lexon asserts that there may be losses, that there may be a claim. We should not proceed based on the speculative nature of possibilities. Accordingly,

**IT IS ORDERED** that FDIC's Motion to Dismiss (Rec. Doc. 21.) is **GRANTED**, without prejudice to Lexon's right to bring an amended complaint, showing a viable claim. Lexon has forty days from date of this order to conduct discovery to make the record complete.

---

[2] Even if Lexon had demanded payment from First NBC Bank, the standby letters of credit appear to obligate Lexon to return those sums received to the extent those funds exceed Lexon's losses under the bonds.

If no amended complaint is brought within that period, dismissal will be effective as of October 15, 2018.

New Orleans, Louisiana, this 7th day of September, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE